UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------x
MITCHELL MIRAGLIA,
an individual,

        Plaintiff,

vs.

SUPERCUTS, INC.,

        Defendant.
---------------------------------------------------------x

CASE NO.:

Judge:

Magistrate:

## COMPLAINT

Plaintiff, MITCHELL MIRAGLIA, by and through his undersigned counsel, hereby files this Complaint and sues SUPERCUTS, INC. (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, MITCHELL MIRAGLIA, (hereinafter referred to as "MR. MIRAGLIA"), is a resident of Orleans Parish, Louisiana. MR. MIRAGLIA resides at 2600 Gravier Street.

4. MR. MIRAGLIA is a qualified individual with a disability under the ADA. MR. MIRAGLIA is a quadriplegic afflicted with cerebral palsy.

1

5. Due to his disability, MR. MIRAGLIA is substantially impaired in several major life activities and requires a wheelchair for mobility. Specifically, MR. MIRAGLIA is unable to walk, stand, or use his legs without assistance.

6. Upon information and belief, DEFENDANT is a corporation incorporated in the State of Delaware and doing business in Orleans Parish.

7. Upon information and belief, DEFENDANT is domiciled at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

8. Upon information and belief, DEFENDANT is the lessee the real properties and improvements which is the subject of this action, to wit: Supercuts, located at 712 South Carrollton Avenue, New Orleans, Louisiana 70118. (hereinafter referred to as "the Property").

9. Upon information and belief, DEFENDANT is the operator of approximately 1,176 company operated "Supercuts" stores and is the franchisor of approximately 1,213 "Supercuts" stores.

10. The Supercuts stores are hair salons devoted to hair styling and the sale of hair and grooming products.

11. Upon information and belief, the Property is a company owned store operated by Defendant.

12. Upon information and belief, in the alternative to Paragraph 11, a franchisee entered into a franchise agreement with DEFENDANT to use the Supercuts trademark and system at the Property.

13. Upon information and belief, under the franchise agreement DEFENDANT can control how the franchisee makes modifications to retail store at the Property.

14. Upon information and belief, in 2014 DEFENDANT's parent company published an Annual Report in which it made the following statement regarding the Supercuts franchisor/franchisee relationship: "Additionally, franchisees are required to conform to the Company's established operational policies and procedures relating to quality of service, training, salon design and decor, and trademark usage."[1]

15. Upon information and belief, given paragraphs 12 through 14, after discovery Plaintiff will be able to establish that DEFENDANT operates the Property under Title III of the ADA.

16. DEFENDANT is obligated to comply with the ADA.

17. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

18. MR. MIRAGLIA realleges and reavers Paragraphs 1 - 17 as if they were expressly restated herein.

19. The Property is a place of public accommodation, subject to the ADA, generally located at: 712 South Carrollton Avenue, New Orleans, Louisiana 70118.

20. Upon information and belief, MR. MIRAGLIA has visited the Property numerous times and desires to visit the Property again in the near future.

---

[1] See Exhibit "A."

21. MR. MIRAGLIA'S most recent visit to the Property prior to filing this original Complaint was in June of 2015 ("the Visit").

22. Upon information and belief, DEFENDANT provides a restroom for use by customers and patrons at the Property.

23. Upon information and belief, during the Visit, MR. MIRAGLIA asked an employee and/or agent of DEFENDANT whether there was an accessible restroom available for use at the Property.

24. Upon information and belief, an employee and/or agent of DEFENDANT responded that there was no accessible restroom available for use by MR. MIRAGLIA at the Property.

25. Upon information and belief, MR. MIRAGLIA experienced serious difficulty accessing the goods and utilizing the services offered at the Property due to DEFENDANT's failure to provide an accessible restroom to MR. MIRAGLIA.

26. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

    I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

        A. On the accessible route to the restrooms, there is a ramp which does not have handrails on both sides.

        B. In the accessible-designated restroom, there is insufficient clear floor space under the lavatory.

        C. In the accessible-designated restroom, the lavatory rim is too high

        off the finished floor.

   D.    In the accessible-designated restroom, the water closet handle is on the wall side of the water closet instead of the transfer side of the water closet.

   E.    Inside the accessible-designated restroom, the soap dispenser is too high off the finished floor.

   F.    There is insufficient clear floor space in the accessible-designated restroom.

27. Upon information and belief, all barriers to access and ADA violations described in Paragraph 26 render DEFENDANT's restroom inaccessible to disabled patrons.

28. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

29. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

30. Upon information and belief, removal of the barriers to access located on the Property would provide MR. MIRAGLIA with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

31. Independent of his intent to return as a patron to the Property, MR. MIRAGLIA additionally intends to return as an ADA tester to determine whether the barriers to access

stated herein have been remedied.

32. MR. MIRAGLIA continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 26 are removed and DEFENDANT neutralizes its policy and/or practice of informing disabled patrons that there is no accessible restroom available for use at the Property.

33. MR. MIRAGLIA intends to and will visit the Property to utilize the goods and services in the future, but fears that that DEFENDANT will encounter to discriminate against him by failing to provide an accessible restroom.

34. MR. MIRAGLIA has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. MIRAGLIA is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. MIRAGLIA demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANT is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court enter an Order directing DEFENDANT to provide accessible policies and procedures related to disabled patrons and customers;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and

      other expenses of suit, to MR. MIRAGLIA; and

E.    That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By: _____
    Garret S. DeReus