## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MITCHELL MIRAGLIA,** | * | **CIVIL ACTION NO. 15-3017** |
| **an individual.** | * | |
| **PLAINTIFF** | * | **SECTION " A "** |
| | * | |
| **VERSUS** | * | |
| | * | |
| **SUPERCUTS, INC.** | * | **JUDGE JAY C. ZAINEY** |
| **DEFENDANT** | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | **KAREN WELLS ROBY** |

* * * * * * * * * * * * * * * * * * * * * *

### Defendant's Answer And Affirmative Defenses

**Now Into Court**, through undersigned counsel, comes Supercuts, Inc. (hereinafter "Defendant") for the purpose of filing this Defendant's Answer And Affirmative Defenses in response to the Complaint filed by Plaintiff, Mitchell Miraglia (hereinafter "Plaintiff").

### Answer

1.

Paragraph One of the Complaint purports to describe the instant action and calls for a legal conclusion, therefore no response is required.

2.

Paragraph Two of the Complaint calls for a legal conclusion, therefore no response is required.

3.

Defendant denies the allegations contained in Paragraph Three of the Complaint, based on lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

4.

The first sentence of Paragraph Four of the Complaint calls for a legal conclusion, therefore no response is required. Defendant denies the allegations in the second sentence of Paragraph Four of the Complaint, based on lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

5.

Defendant denies the allegations contained in Paragraph Five of the Complaint, based on lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

6.

Defendant admits the allegations contained in Paragraph Six of the Complaint, that it is a corporation incorporated in the State of Delaware, doing business in Orleans Parish.

7.

Defendant admits the allegations contained in Paragraph Seven of the Complaint.

8.

Defendant denies the allegations contained in Paragraph Eight of the Complaint, except to admit that it is the operator of the Property.

9.

Defendant denies the allegations contained in Paragraph Nine of the Complaint, based on lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

10.

Defendant admits the allegations contained in Paragraph Ten of the Complaint.

11.

Defendant denies the allegations contained in Paragraph Eleven of the Complaint.

12.

Defendant denies the allegations contained in Paragraph Twelve of the Complaint as written. Further answering, Defendant admits a franchisee operates the Property referenced in the instant lawsuit.

13.

Defendant denies the allegations contained in Paragraph Thirteen of the Complaint, based on lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

14.

Defendant denies the allegations contained in Paragraph Fourteen of the Complaint, based on lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

15.

Defendant avers that the allegation contained in Paragraph Fifteen of the Complaint purport to state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies those allegations as stated.

16.

Defendant avers that the allegation contained in Paragraph Sixteen of the Complaint purport to state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies those allegations as stated.

17.

Defendant denies the allegations contained in Paragraph Seventeen of the Complaint, based on lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

18.

Answering Paragraph Eighteen of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-17 of the Complaint.

19.

Defendant avers that the allegation contained in Paragraph Nineteen of the Complaint purport to state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies those allegations as stated.

20.

Defendant denies the allegations contained in Paragraph Twenty of the Complaint, based on lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

21.

Defendant denies the allegations contained in Paragraph Twenty-One of the Complaint, based on lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

22.

Defendant admits the allegations contained in Paragraph Twenty-Two of the Complaint.

23.

Defendant denies the allegations contained in Paragraph Twenty-Three of the Complaint,

based on lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

24.

Defendant denies the allegations contained in Paragraph Twenty-Four of the Complaint, based on lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

25.

Defendant denies the allegations contained in Paragraph Twenty-Five of the Complaint, based on lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

26.

Defendant avers that the allegation contained in Paragraph Twenty-Six of the Complaint purport to state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies those allegations as stated. As to the purported violations, Defendant denies the allegations contained therein.

27.

Defendant denies the allegations contained in Paragraph Twenty-Seven of the Complaint, based on lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

28.

Defendant denies the allegations contained in Paragraph Twenty-Eight of the Complaint.

29.

Defendant denies the allegations contained in Paragraph Twenty-Nine of the Complaint.

30.

Defendant denies the allegations contained in Paragraph Thirty of the Complaint.

31.

Defendant denies the allegations contained in Paragraph Thirty-One of the Complaint, based on lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

32.

Defendant denies the allegations contained in Paragraph Thirty-Two of the Complaint, based on lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

33.

Defendant denies the allegations contained in Paragraph Thirty-Three of the Complaint, based on lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

34.

Defendant denies the allegations contained in Paragraph Thirty-Four of the Complaint. Further answering, Defendant notes that neither Plaintiff nor his counsel requested that corrective action be taken or identified any alleged ADA violations prior to filing the instant lawsuit and requesting attorney's fees.

35.

Defendant denies all allegations set forth in the Plaintiff's prayer for relief.

**Affirmative Defenses**

36.

Plaintiff's Complaint, and each claim for relief asserted therein, fails to state a claim against Defendant upon which relief can be granted.

37.

Plaintiff's claims against Defendant are barred, in whole or in part, because Defendant's conduct at all times was in good faith, was justified, and lacked any wrongful intent.

38.

Plaintiff's claims are barred, in whole or in part, because Plaintiff or Plaintiff's counsel failed to present Defendant with an amicable demand (or even advise Defendant of the purported violations) prior to filing of the Complaint.

39.

Plaintiff's claims are barred, in whole or in part, because the conduct alleged to have been committed by Defendant was not the actual or proximate cause of any injury, loss, or damage to the Plaintiff.

40.

Plaintiff's claims are barred, in whole or in part, because any injury sustained by the Plaintiff was a result of intervening and/or superseding cause or events, including the fault of third parties and/or the Plaintiff's own fault.

41.

Without admitting that Defendant's conduct was unlawful or wrongful or that Plaintiff has been damaged by any conduct of Defendant, any damages claimed by Plaintiff should be reduced or denied as a result of his own comparative fault.

42.

Without admitting that Defendant's conduct was unlawful or wrongful or that Plaintiff has been damaged by any conduct of Defendant, Plaintiff has failed to mitigate or eliminate his damages, and any recovery by the Plaintiff should be reduced or denied accordingly.

43.

Plaintiff's claims are barred, in whole or in part, by the applicable prescriptive and/or preemptive periods.

44.

Plaintiff's claims are barred to the extent the claimed violations are *de minimis* and non-actionable because they do not materially impair Plaintiff's use of the Property for its intended purpose.

45.

Plaintiff's claims are barred, in whole or in part, because no significant impediment to disable persons exists on the Property that would justify the imposition of costly renovations.

46.

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert the claims contained in the Complaint.

47.

Solely for the purposes of preserving a defense should subsequent discovery warrant this assertion, Plaintiff's claims are barred, in whole or in part, to the extent that he was merely a "tester" and did not seek to partake of the goods, services, facilities, privileges, advantages, or accommodations of the Property.

48.

Defendant reserves the right to assert additional defenses or claims after discovery in this case and to seek relief from Plaintiff under any viable legal theory that may be proven by the facts and evidence at trial.

**Wherefore**, Defendant, Supercuts, Inc., prays that this Answer And Affirmative Defenses be deemed good and sufficient, and after due proceedings had:

I. That there be judgment rendered in favor of Defendant, dismissing Plaintiff's claims with prejudice, at Plaintiff's costs;

II. That there be judgment rendered in favor of Defendant, awarding Defendant its reasonable attorney's fees, including litigation expenses and costs, as the prevailing party; and

III. That there be judgment rendered in favor of Defendant, awarding Defendant all general and equitable relief as the nature of the case may permit.

Respectfully submitted:

*s/Steven M. Hannan*

**Marcus L. Giusti** (LBR# 06279)
**Steven M. Hannan** (LBR# 33878) T.A.
Hannan, Giusti & Hannan L.L.P.
2201 Ridgelake Drive, Suite 200
Metairie, Louisiana 70001-2020
Telephone: (504) 831-5300
Facsimile: (504) 831-3110
Email: Marcus@hghlaw.com
Email: Steven@hghlaw.com
Attorneys for Defendant

## Certificate of Service

_____

I hereby certify that the foregoing pleading was electronically filed with the Clerk of Court through the CM/ECF system and all registered counsel were electronically notified and all non-CM/ECF participants were otherwise served by electronic transmission and/or by U.S. Mail, properly addressed and postage prepaid this 18th day of September, 2015.

_s/Steven M. Hannan_____
                                    Steven M. Hannan