UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MITCHELL MIRAGLIA** | ) |
| | ) Case No. 15-cv-3017 |
| | ) |
| v. | ) JUDGE JAY C. ZAINEY |
| | ) |
| **SUPERCUTS, INC.** | ) MAGISTRATE JUDGE KAREN WELLS |
| | ) ROBY |
| | ) |

**Plaintiff Mitchell Miraglia's Memorandum in Support of His Motion to Strike Affirmative Defenses in Defendant Supercuts, Inc.'s Answer**

**TABLE OF CONTENTS**

**TABLE OF CONTENTS**……………………………………………………………………… i

**TABLE OF AUTHORITIES**…………………………………………………………………..ii

**BACKGROUND**………………………………………………………………………………. 1

**DISCUSSION**………………………………………………………………………………......1

*Second Affirmative Defense*……………………………………………………………. 3

*Third and Seventh Affirmative Defenses*……………………………………………….. 3

*Fourth Affirmative Defense*……………………………………………………………..4

*Fifth Affirmative Defense*………………………………………………………………. 4

*Sixth Affirmative Defense*……………………………………………………………….6

*Eighth Affirmative Defense*……………………………………………………………..6

*Ninth and Tenth Affirmative Defenses*………………………………………………… 6

*Eleventh and Twelfth Affirmative Defenses*……………………………………………..7

*Thirteenth Affirmative Defense*…………………………………………………………7

**CONCLUSION**………………………………………………………………………………..8

# **TABLE OF AUTHORITIES**

*Cases*                                                                                                                           *Page(s)*

*Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*,
    718 F. Supp. 2d 1167 (N.D. Cal. 2010)……………………………………………… 1

*Bonshahi v. Fedex Corp.*,
    2012 WL 3638608 (N.D. Cal. Aug. 22, 2012)…………………………………………….. 6

*Chapman v. Pier 1 Imports Inc.*,
    631 F.3d 939 (9th Cir. 2011)………………………………………………………………… 6,7

*Dodson v. CSK Auto, Inc.*,
    2013 WL 3942002 (E.D. Cal. Jul. 30, 2013)……………………………………………6,7

*EEOC v. First Nat. Bank of Jackson*,
    614 F. 2d 1004 (5th Cir. 1980)…………………………………………………………….. 1

*F.D.I.C. v. White*,
    828 F.Supp. 304, 313 (D. N.J. 1993)…………………………………………………………4

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir. 1993)……………………………………………………………... 4,5

*Federal Deposit Ins. Corp. v. Main Hurdman*,
    655 F. Supp. 259 (E.D. Cal. 1987)………………………………………………………… 2

*Federal Trade Comm'n v. Think All Pub. L.L.C.*,
    564 F.Supp.2d 663 (E.D.Tex.2008)……………………………………………………...2

*Figueroa v. Restaurants L.P.*,
    2012 WL 2373249 (C.D. Cal. Jun. 22, 2012)…………………………………………… 6

*Helen L v. DiDario,*
    46 F.3d 325 (3d Cir.1995)…………………………………………………………………… 3

*Kaiser Aluminum, Etc. v. Avondale Shipyards, Inc.*,
    677 F. 2d 1045 (5th Cir. 1982)…………………………………………………………….. 1

*Kanne v. Connecticut General Life Ins. Co.,*
    867 F.2d 489 (9th Cir.1988)……………………………………………………………….. 2

*Kohler v. Bed Bath & Beyond*,
    2012 WL 424377 (C.D. Cal. Feb. 8, 2012)…………………………………………………5

*Kohler v. Big 5 Corp.*,
 2012 WL 1511748 (C.D. Cal. Apr. 30 2012)……………………………………… 5

*Kohler v. Staples the Office Superstore*,
 291 F.R.D. 464 (S.D. Cal. 2013)……………………………………………….... 5,6

*Lentini v. Cal. Ctr. For the Arts*,
 370 F.3d 837 (9th Cir. 2004)……………………………………………………..3

*Mayberry v. Von Valtier,*
 843 F.Supp. 1160 (E.D.Mich.1994)……………………………………………...3

*Ramnarine v. RG Group, Inc.*,
 2012 WL 2735340 (S.D. Fla. Jul. 9, 2012)………………………………………3

*Resolution Trust Corp. v. KPMG Peat Marwick*,
 845 F.Supp. 621 (N.D. Ill. 1994)………………………………………………... 4

*Roberge v. Hannah Marine Corp.,*
 1997 WL 468330 (6th Cir.1997)………………………………………………... 2

*Sidney-Vinson v. A.H. Robins Co.*,
 697 F.2d 880 (9th Cir. 1983)…………………………………………………… 1

*Zivkovic v. S. California Edison Co.,*
 302 F.3d 1080 (9th Cir.2002)…………………………………………………… 2,7

**Statutes**

Fed. R. Civ. P. 12(f)…………………………………………………………………...1,4,5

Fed. R. Civ. P. 15……………………………………………………………………...7

**BACKGROUND**

On September 18, 2015 Defendant Supercuts, Inc. ("Supercuts"), filed its Answer to Mitchell Miraglia's ("Mr. Miraglia") complaint for damages, injunctive and declaratory relief, and attorney's fees and costs under Title III of the Americans with Disabilities Act of 1990 ("ADA"). In its Answer, Supercuts pled thirteen affirmative defenses. Twelve of Defendant's affirmative defenses fail – as explained in greater detail below – because they are legally insufficient, impertinent, and/or redundant. Mr. Miraglia therefore moves to strike Defendant Supercuts' Second through Thirteenth Affirmative Defenses under Rule 12(f) of the Federal Rules of Civil Procedure.

**DISCUSSION**

The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Sidney-Vinson v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Rule 12(f) of the Federal Rules of Civil Procedure permits a Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

A motion to strike is proper when a defense is insufficient as a matter of law. *Kaiser Aluminum, Etc. v. Avondale Shipyards, Inc.*, 677 F. 2d 1045, 1057 (5th Cir. 1982), *cert. denied,* 459 U.S. 1105, (1983). Defenses that are insufficient or redundant may also be struck so as to simplify and streamline litigation. *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010).

According to the Fifth Circuit Court of Appeals "[a]n affirmative defense is not valid if it appears to a certainty that the plaintiff would succeed despite any set of facts which could be proved in support of the defense." *EEOC v. First Nat. Bank of Jackson*, 614 F. 2d 1004, 1008 (5th

1

Cir. 1980) (*citing* 2A Moore's Federal Practice ¶ 8.27[3], at 8251 (2d Ed. 1979)).

Affirmative defenses "plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (*citing Gomez v. Toledo*, 446 U.S. 635, 640-41 (1980)). As stated by the Sixth Circuit "[a]n affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Roberge v. Hannah Marine Corp.,* No. 96-1691, 1997 WL 468330, at *3 (6th Cir.1997). The defendant has the burden of proof for his affirmative defenses. *See, e.g., Kanne v. Connecticut General Life Ins. Co.,* 867 F.2d 489, 492 n. 4 (9th Cir.1988). Therefore, "[a] defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." *Zivkovic v. S. California Edison Co.,* 302 F.3d 1080, 1088 (9th Cir.2002). Such a defense is merely a redundant denial. *Federal Trade Comm'n v. Think All Pub. L.L.C.*, 564 F.Supp.2d 663, 665-6 (E.D. Tex.2008). A redundant denial framed as an affirmative defense should be struck. *Id*.

Here, twelve of the affirmative defenses plead by Defendant are insufficient as a matter of law, irrelevant, redundant, and/or impertinent. There is no set of facts where Mr. Miraglia could prove his prima facie case but have his recovery barred by the twelve affirmative defenses discussed herein. Therefore, these affirmative defenses are insufficient as a matter of law. Further, these defenses are prejudicial to Mr. Miraglia as they would unnecessarily expand the scope of discovery. Mr. Miraglia urges that these defenses be struck by this Court.

***Second Affirmative Defense (conduct was in good faith, justified, lacked wrongful intent)*[1]**

Lack of wrongful intent is not a viable defense against an ADA claim. Defendant's alleged good faith or lack of wrongful intent is wholly irrelevant. *See, e.g., Helen L v. DiDario,* 46 F.3d 325, 335 (3d Cir.1995) ("[W]e will not eviscerate the ADA by conditioning its protections upon a finding of intentional or overt discrimination."); *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 846 (9th Cir. 2004) ("It is undisputed that a plaintiff need not show intentional discrimination in order to make out a violation of the ADA"); *Mayberry v. Von Valtier,* 843 F.Supp. 1160, 1166 (E.D.Mich.1994) ("Congress appears to have intended the ADA to address the discriminatory effects of benign actions or inaction, as well as intentional discrimination."). Because Defendant cannot defend against Mr. Miraglia's prima facie case with a good faith or intent-based defense as a matter of law, this affirmative defense is without merit and may be struck by this Court.

***Third and Seventh Affirmative Defenses (failure to make amicable demand and failure to request accommodation prior to filing suit)*[2]**

Defendant's Third and Seventh Affirmative Defenses suggest that Mr. Miraglia was required to provide Defendant with notice of his claims by making an informal demand or requesting accommodations prior to filing suit. However, it is well established that pre-suit notice and/or requests are not required for Title III ADA claims. *See, e.g.*, *Ramnarine v. RG Group, Inc.*, 2012 WL 2735340 at *3 (S.D. Fla. Jul. 9, 2012) (citing *Association of Disabled Americans v. Neptune Designs, Inc.,* 469 F.3d 1357, 1359–60 (11th Cir.2006)). Therefore, Defendant's affirmative defenses implying that Mr. Miraglia had the burden to request an accommodation or make a demand prior to filing this lawsuit are insufficient as a matter of law and may be struck by this Court.

---

[1] *Id.* at ¶ 37.
[2] *Id.* at ¶ 38 and 42.

3

*Fourth Affirmative Defense (conduct alleged not actual/proximate cause of injury)*[3]

Lack of actual and/or proximate cause of injury is not an affirmative defense, but rather a **denial** of an element of a tort claim. "A defendant is liable only for those damages which it has proximately caused…Here, what defendants label an affirmative defense **is actually only an assertion that RTC cannot prove proximate cause**…Accordingly, defendants' styled affirmative defenses of lack of proximate cause are stricken as to plaintiff." *Resolution Trust Corp. v. KPMG Peat Marwick*, 845 F.Supp. 621, 625 (N.D. Ill. 1994) (*quoting RTC v. Farmer,* 823 F.Supp. 302, 314 (E.D. Pa. 1993)) (emphasis supplied); *see also F.D.I.C. v. White*, 828 F.Supp. 304, 313 (D. N.J. 1993) (granting plaintiff's motion to strike proximate cause affirmative defense because proximate cause goes to whether plaintiff can carry its own burden of proof). Defendant attempts to disguise an argument that Mr. Miraglia allegedly cannot prove an element of his claim as an affirmative defense.

Even assuming lack of actual and/or proximate cause of injury was a valid affirmative defense rather than a denial, it fails as a matter of law in the ADA context. Actual and/or proximate causation is an element of a tort claim, and Mr. Miraglia's claims under the ADA do not sound in tort. Thus, this affirmative defense should be struck because it is "impertinent"—it does not pertain and is not necessary to the matters at issue in this lawsuit. Fed.R.Civ.P. 12(f); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993) ("Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.")

*Fifth Affirmative Defense (intervening/superseding causes or events)*[4]

Defendant's Fifth Affirmative Defense fails because intervening/superseding causes, events, or the acts of third persons do not provide a defense to federal disability access claims.

---

[3] *Id.* at ¶ 39.
[4] *Id.* at ¶ 40.

4

*Kohler v. Staples the Office Superstore*, 291 F.R.D. 464, 470 (S.D. Cal. 2013) (*citing United States v. AMC Entm't, Inc.*, 232 F.Supp.2d 1092, 1118, rev'd on other grounds by 549 F.3d 760 (9th Cir. 2008)). Here again, Defendant's affirmative defense is insufficient as a matter of law in the ADA context. Intervening and/or superseding cause is an affirmative defense to a tort claim, and Mr. Miraglia's claims under the ADA do not sound in tort. Therefore, this affirmative defense should be struck because it is "impertinent"—it does not pertain and is not necessary to the matters at issue in this lawsuit. Fed.R.Civ.P. 12(f); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993) ("Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.").

*Sixth Affirmative Defense (comparative fault)*[5]

Defendant's Sixth Affirmative Defense purports that Mr. Miraglia is somehow partly at fault for the ADA violations alleged in his complaint. This affirmative defense is completely illogical in the ADA context and fails as a matter of law because "[t]he ADA is clear that a public accommodation is responsible for its own violations of the ADA, and that such violations cannot be contracted away." *Kohler v. Bed Bath & Beyond*, 2012 WL 424377 at *3 (C.D. Cal. Feb. 8, 2012) (quoting *United States v. AMC Entm't, Inc.*, 232 F.Supp.2d 1092, 1118, rev'd on other grounds by 549 F.3d 760 (9th Cir. 2008)); *see also Kohler v. Big 5 Corp.*, 2012 WL 1511748 at *3 (C.D. Cal. Apr. 30 2012) (striking affirmative defense of contributory negligence as legally insufficient).

Furthermore, comparative fault is an affirmative defense to a tort claim, and Mr. Miraglia's claims under the ADA do not sound in tort. Thus, this affirmative defense should also be struck because it is "impertinent"—it does not pertain and is not necessary to the matters at issue in this

---

[5] *Id.* at ¶ 41.

lawsuit. Fed.R.Civ.P. 12(f); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993) ("Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.")

### *Eighth Affirmative Defense (prescription)*[6]

Defendant's Affirmative Defense of prescription is insufficient because Defendant has failed to allege which prescriptive period it believes applies. In order to state a proper affirmative defense based on prescription, the Defendant must identify the prescriptive period on which it relies. *Dodson v. CSK Auto, Inc.*, 2013 WL 3942002 at *3 (E.D. Cal. Jul. 30, 2013) (granting plaintiff's motion to strike statute of limitations affirmative defense); *see also Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 470 (S.D. Cal. 2013) (striking statute of limitations period defense where defendant did not specify applicable statute of limitations period and attached no supplemental briefing on that point); *Bonshahi*, 2012 WL 3638608 at *2 (striking statute of limitations affirmative defense where defendant offered "no explanation of the threadbare assertion" that the claim was time-barred). Because Defendant has failed to provide fair notice of the prescriptive period on which its defense relies, this affirmative defense may be struck by this Court.

### *Ninth and Tenth Affirmative Defenses (de minimis claims and no significant impediment to disabled persons)*[7]

These defenses are improper because even purported *de minimis* violations constitute a violation of the ADA. *Figueroa v. Restaurants L.P.*, 2012 WL 2373249 at *4 (C.D. Cal. Jun. 22, 2012) (striking *de minimis* affirmative defense in ADA context). "The ADA requires strict adherence to its provisions, and compliance with the spirit of the ADA does not excuse

---

[6] *Id.* at ¶ 43.
[7] *Id.* at ¶¶ 44 and 45.

noncompliance with its provisions." *Id.* (citing *Chapman v. Pier 1 Imports Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). The difference between compliance and noncompliance with the ADA's mandates of full and equal enjoyment "is often a matter of inches." *Chapman*, 631 F.3d at 946. Therefore, Defendant cannot rely on a defense that its ADA violations are *de minimis* or that they do not pose a *significant* impediment to Mr. Miraglia or other individuals with disabilities. These affirmative defenses fail as a matter of law and may be struck by this Court.

*Eleventh and Twelfth Affirmative Defenses (standing and tester)*[8]

Defendant's Eleventh and Twelfth Affirmative Defenses challenge Mr. Miraglia's standing in this litigation. Challenges to standing are not proper affirmative defenses. "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Dodson v. CSK Auto, Inc.*, 2013 WL 3942002 at *4 (E.D. Cal. Jul. 30, 2013) (granting plaintiff's motion to strike standing affirmative defense) (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Standing is an element of Mr. Miraglia's prima facie case, and it is therefore properly addressed through denial or a motion to dismiss, not through an affirmative defense. *See Dodson*, 2013 WL 3942002 at *4 (citing *Strategic Rests. Acquisition Co. II, LLC*, 289 F.R.D. 595, 604 (E.D. Cal. 2013)). Therefore, this affirmative defense may be struck by this Court.

*Thirteenth Affirmative Defense (reservation to assert additional affirmative defenses)*[9]

Defendant's Thirteenth Affirmative defense is merely a statement that it reserves its right to assert additional affirmative defenses as warranted. Under Rule 15 of Federal Rules of Civil Procedure Defendant is required to obtain consent from Mr. Miraglia to amend its Answer or file a motion for leave to amend. Consequently, this affirmative defense is wholly irrelevant. It certainly is not an additional set of facts that would bar recovery for Mr. Miraglia. Therefore, this

---

[8] *Id.* at ¶¶ 46 and 47.
[9] *Id.* at ¶ 48.

7

affirmative defense is insufficient as a matter of law and may be stuck by this Court.

## CONCLUSION

For the reasons stated above, Mr. Miraglia asks the Court to strike Defendant's Second through Thirteenth Affirmative Defenses on the basis that they are: (1) legally insufficient, (2) impertinent, and/or (3) redundant.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus1@gmail.com
Amanda K. Klevorn (LA # 35193)
aklevorn@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By: /s/ Amanda K. Klevorn
    AMANDA K. KLEVORN

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record on October 6, 2015, by EFC filing, by hand deliver, by fax, or by depositing a copy of same in the United States Mail, first class postage prepaid, at their last known addresses of record.

/s/ Amanda K. Klevorn
    AMANDA K. KLEVORN