UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MITCHELL MIRAGLIA | CIVIL ACTION |
| VERSUS | NO. 15-3017 |
| SUPERCUTS, INC. | SECTION A(4) |

### ORDER AND REASONS

Before the Court is a **Motion to Strike Answer to Complaint** (**Rec. Doc. 11**) filed by Plaintiff Mitchell Miraglia. Defendant Supercuts, Inc., opposes the motion. The motion, set for hearing on October 21, 2015, is before the Court on the briefs without oral argument. For the following reasons, the Motion is **GRANTED**.

Plaintiff Miraglia is a quadriplegic afflicted with cerebral palsy. (Rec. Doc. 1). He filed a Complaint on August 28, 2015, against Supercuts, alleging that one of the company's stores is in violation of Title III of the Americans with Disabilities Act ("ADA"). (Rec. Doc. 1). Specifically, Miraglia alleges that the store's restroom is inaccessible to disabled patrons. (Rec. Doc. 1). He seeks declaratory and injunctive relief. (Rec. Doc. 1). On September 18, 2015, Supercuts filed its Answer, asserting a number of affirmative defenses. (Rec. Doc. 6). Miraglia then filed the instant Motion, seeking to strike many of these affirmative defenses.

Federal Rule of Civil Procedure 12(f) authorizes the district court either sua sponte or on motion to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1051 (5th Cir. 1982),

*cert. denied*, 459 U.S. 1105 (1983). The Fifth Circuit has held that "[a]n affirmative defense is not valid if it appears to a certainty that the plaintiff would succeed despite any set of facts which could be proved in support of the defense." *EEOC v. First Nat. Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980) (citing 2A Moore's Federal Practice P 8.27(3), at 8251 (2d Ed. 1979)).

As previously noted, Miraglia brings claims pursuant to Title III of the ADA. (Rec. Doc. 1). Title III requires an entity operating "public accommodations" to make "reasonable modifications" in its policies "when . . . necessary to afford such . . . accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such . . . accommodations." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 661 (2001); 42 U.S.C.A. § 12182(b)(2)(A)(ii). Title III prohibits discrimination against individuals "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ." 42 U.S.C. § 12182(a).

Supercuts has asserted as an affirmative defense that it acted in good faith and lacked wrongful intent. Even if Supercuts can prove its good faith and lack of wrongful intent, this will not be a defense to Plaintiff's claim, as the ADA does not require a finding of intent. *See, e.g., Helen L. v. DiDario*, 46 F.3d 325, 335 (3d Cir. 1995) ("[W]e will not eviscerate the ADA by conditioning its protections upon a finding of intentional or overt discrimination."); *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 846 (9th Cir. 2004) ("It is undisputed that a plaintiff need not show intentional discrimination in order to make out a violation of the ADA."). This defense is therefore impertinent and should be stricken from Supercuts' Answer.

Supercuts has also asserted as an affirmative defense that Miraglia failed to make an amicable demand and failed to request accommodation prior to filing suit. As Miraglia asserts, this

is not a requirement for Title III ADA claims. *See Assoc. of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359-60 (11th Cir. 2006). Even if Supercuts can prove that Plaintiff did not make an amicable demand or request accommodation before filing suit, this will not shield Supercuts from liability if the store is in violation of the ADA. This defense is therefore impertinent and should be stricken from Supercuts' Answer.

Supercuts has also asserted as an affirmative defense that the alleged conduct was not the actual or proximate cause of injury. This is not an affirmative defense but instead a denial of an element of a claim. Further, a Title III ADA claim does not contain a causation element. *See* 42 U.S.C.A. § 12182. This defense is therefore impertinent and should be stricken from Supercuts' Answer.

Supercuts has also asserted as an affirmative defense that an intervening or superseding cause precludes its liability. An intervening or superseding cause is an affirmative defense to a tort claim, and Defendant has cited no law supporting the argument that this type of affirmative defense is applicable to an ADA claim. This defense is therefore impertinent and should be stricken from Supercuts' Answer.

Supercuts has also asserted comparative fault as an affirmative defense, suggesting that Plaintiff is partially at fault because he failed to amicably resolve this matter by bringing it to Supercuts' attention before filing suit. The Court finds that there is no merit to such an assertion, and this defense, too, is impertinent and should be stricken from Supercuts' Answer.

Supercuts has also asserted prescription as an affirmative defense. Regarding this defense, Supercuts' Answer merely says, "Plaintiff's claims are barred, in whole or in part, by the applicable prescriptive and/or preemptive periods." As Miraglia asserts, Supercuts has failed, in its Answer and in its brief on the instant Motion, to specify which prescriptive period applies here. Further,

Miraglia makes a compelling argument that because Miraglia alleges that the store's ADA violations are continuing, any applicable statute of limitations or prescriptive period has not yet started to run. This defense is therefore stricken as insufficient.

Supercuts has also asserted the following as an affirmative defense: "Plaintiff's claims are barred to the extent the claimed violations are de minimus and non-actionable because they do not materially impair Plaintiff's use of the Property for its intended purpose." Supercuts also asserted: "Plaintiff's claims are barred, in whole or in part, because no significant impediment to disable [sic] persons exists on the Property that would justify the imposition of costly renovations." As Miraglia argues, these defenses are improper because even purported de minimus violations are violations of the ADA. *See Figueroa v. Restaurants L.P.*, 2012 WL 2373249 at *4 (C.D. Cal. Jun. 22, 2012) (striking de minimus affirmative defense in ADA context). Supercuts has failed to present any law establishing an affirmative defense for de minimus violations. Regarding whether the cost of renovations outweighs the significance of the impediment to a plaintiff, Supercuts fails to give Miraglia adequate notice of the basis for this defense. *See Vogel v. Linden Optometry APC*, 2013 WL 1831686 (C.D. Cal. 2013) (finding affirmative defenses to ADA claims insufficient and noting that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense") (quoting *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). These defenses should therefore be stricken from Supercuts' Answer.

Supercuts has also asserted as an affirmative defense that Miraglia lacks standing because he is allegedly a "tester." In the ADA context, a tester is a disabled individual who visits places of public accommodation to see if they comply with the ADA. Supercuts alleges that Miraglia has, in a short time frame, filed a number of other suits against companies, asserting ADA violations. This Court finds that lack of standing is not a valid affirmative defense. It is not included in the

list of affirmative defenses provided in Federal Rule of Civil Procedure 8(c). Further, for affirmative defenses, the defendant bears the burden of pleading and proving them. Regarding standing, the plaintiff bears the burden of pleading and proving it. Since this is not a valid affirmative defense, it should be stricken from Supercuts' Answer.

Supercuts' final affirmative defense is a reservation to assert additional affirmative defenses. This is not an affirmative defense and should be stricken from Supercuts' Answer.

In sum, the Court is persuaded by Miraglia's Motion to Strike and finds Supercuts' affirmative defenses discussed herein to be impertinent, insufficient, and invalid.

Accordingly;

**IT IS ORDERED** that the **Motion to Strike Answer to Complaint (Rec. Doc. 11)** filed by Plaintiff Mitchell Miraglia is **GRANTED**.

New Orleans, Louisiana, November 20, 2015

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE